UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS GEORGE RATHFON,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

Case No. 4:14-cv-11617
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

### RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR REMAND (DE 18) AND TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DE 15)

**I.**     **RECOMMENDATION**: For the reasons that follow, it is **RECOMMENDED** that the Court **GRANT** Defendant's motion for remand (DE 18), **GRANT IN PART AND DENY IN PART** Plaintiff's motion for summary judgment (DE 15), **REVERSE** the Commissioner of Social Security's non-disability finding, and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

**II.**     **REPORT**

    Plaintiff, Dennis George Rathfon, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social

Security ("Commissioner") denying his applications for social security disability insurance benefits and supplemental security income. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's motion for summary judgment (DE 15), the Commissioner's motion for remand pursuant to Sentence Four of 42 U.S.C. § 405(g) (DE 18), Plaintiff's response in opposition (DE 19), and the administrative record (DE 12).

### A.   Background

Plaintiff protectively filed his applications for benefits on June 25, 2010, alleging that he has been disabled since June 10, 2010. (R. at 443-49.) Plaintiff's applications were denied and he sought a *de novo* hearing before an Administrative Law Judge ("ALJ"). ALJ James N. Gramenos held hearings on July 8, 2011, September 27, 2011, January 4, 2012, March 28, 2012, May 23, 2012, and on July 12, 2012.[1] In his August 14, 2012 written opinion, ALJ Gramenos determined that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 20-

---

[1] The record of hearings in this case is expansive, but lends little to the analysis below. For clarification, the July 8, 2011 hearing was adjourned to permit Plaintiff to obtain representation. Plaintiff appeared and testified at the September 27, 2011 hearing. The case was then continued for a supplemental hearing to obtain testimony from an Agency medical expert ("ME"). This supplemental hearing was originally scheduled for January 4, 2012, but the Agency was unable to produce an ME. Another supplemental hearing was held on March 28, 2012 to take the testimony of ME Dr. James Lyons, but the ALJ concluded that Dr. Lyons was not credible. Dr. Carl Leigh testified as the ME at the May 23, 2012 hearing. Finally, the July 12, 2012 hearing was held to allow counsel and the ALJ to question the VE.

39.) On February 22, 2014, the Appeals Council denied Plaintiff's request for review. (R. at 2-5.) ALJ Gramenos' decision became the Commissioner's final decision. Plaintiff then timely commenced the instant action.

### B.  Hearing Testimony

#### 1.  Plaintiff's Testimony

At the September 27, 2011 administrative hearing, Plaintiff (who was 35 years old at the time) testified that he injured his back on June 6, 2010, when he slipped while climbing up a ladder. (R. at 164.) He averred that, since that time, his pain makes it difficult to sit longer than fifteen minutes and to stand for any length of time without holding onto something, such as his cane. (R. at 165 and 170.) He described his pain as burning across his back. (Id.) Plaintiff indicated that he received an epidural injection, but could not afford additional treatment because he no longer has insurance. (R. at 166.) Plaintiff noted that he has trouble sleeping due to the shooting pain. (R. at 170.)

Plaintiff also testified to depression and bouts of anxiousness. He indicated that he was attempting to attend school for a few hours per day, four days per week, but missed at least one day of his classes every week due to his depression. (R. at 167-68.) He averred that his depression is made worse by his physical impairments. (R. at 168-69.) Plaintiff noted that he had been diagnosed with Bipolar I disorder by Community Peer Services, which he described as a free

3

clinic. (R. at 169.) Plaintiff further testified that he had previously had issues with substance and alcohol abuse, but that he was six-weeks sober at the time of the hearing.

### 2. Vocational Expert Testimony

Harry Cynowa testified as the Vocational Expert ("VE"), first via interrogatories, and then at the July 12, 2012 supplemental hearing. (R. at 35-38, 50-55.) The ALJ asked the VE to determine if a hypothetical person could perform her unskilled jobs at the *light exertional level* with the following limitations:

> (1) able to occasionally lift and/or carry weights, defined as up to 1/3 of the normal eight hour work period, at least up to twenty pounds of weight; (2) able to frequently lift and/or carry weights, defined as up to 2/3 [hours] of the work period, up to at least ten pounds of weight; (3) able to engage in the positions of standing and/or walking in the work place, assuming there are normal breaks from actual work activity, for an overall total of up to at least 2 hours during a normal 8 hour work period; (4) able to engage in the sitting position for periods of six hours, considering normal periods of breaks; (5) requires a sit/stand option to allow alternating positions at the worker[']s election while remaining in the area of the assigned work-station; (6) occasional abilities, and not frequent overhead lifting capabilities with upper right extremity; (7) eliminate from consideration jobs that would have extremes of cold, heat, wetness, or humidity; (8) eliminate jobs that would require the worker to engage in the use of any forms of hand-held vibrating types of equipment; and (9) eliminate from consideration any form of jobs that require working in a job-setting involving unprotected work areas such as moving machinery, heights; ramps; ladders.

(R. at 36.) Based on this hypothetical, the VE testified that the individual could perform a number of jobs in the national and regional economy. (R. at 37.) The

4

VE identified three such unskilled positions at the light exertional level: inspector/hand packager, with 2,500 positions locally and over 100,000 positions nationally; small products assembler, with 2,500 positions locally and over 100,000 positions nationally; and checker/inspector, with 1,000 positions locally and over 20,000 positions nationally. (R. at 37.) The VE clarified that, although the sit-stand option is not an element of the Dictionary of Occupational Titles, he observed through the course of his practice that these particular positions allow a sit-stand option. The VE further testified that the positions identified are nonproduction. He also indicated that the inability to use a dominant hand for frequent gripping or use of tools would preclude the performance of the assembly and packing positions, but not the checker/inspector. (R. at 54.)

### C.  THE ADMINISTRATIVE DECISION

On August 14, 2012, the ALJ issued his decision. At Step 1 of the sequential evaluation process,[2] the ALJ found that Plaintiff had not engaged in

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. §404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

substantially gainful activity since her alleged onset date of June 10, 2010. (R. at 24.)

At Step 2, the ALJ found that Plaintiff had the following severe impairments: L4/L5, L5/S1, moderate disc bulge with moderate facet arthropathy producing mild central stenosis and moderate foraminal stenosis, and right shoulder impingement. (R. at 24.) He concluded that Plaintiff's impairments of depression and substance abuse were non-severe. (Id.)

At Step 3, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 25-26.)

Between Steps 3 and 4 of the sequential process, the ALJ evaluated Plaintiff's residual functional capacity ("RFC")[3] and determined that Plaintiff had the capacity to perform "*unskilled sedentary* work." (R. at 26.) (emphasis added).

---

    4.    Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
    5.    Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).
[3] The claimant's "residual functional capacity" is an assessment of the most the claimant can do in a work setting despite his or her physical or mental limitations.

6

The ALJ determined at Step 4 that Plaintiff was unable to perform his past relevant work. (R. at 34.)

At Step 5, relying on Medical Vocational Rule 201.28, the ALJ concluded that Plaintiff was capable of performing other jobs that exist in significant numbers in the national economy. (R. at 38.) He therefore concluded that Plaintiff was not disabled under the Social Security Act. (Id.)

### D. STANDARD OF REVIEW

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. at 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. at 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir.

---

20 C.F.R. §404.1545(a); *Howard v. Comm'r of Soc. Sec*., 276 F.3d 235, 239 (6th Cir. 2002).

7

1994)).  In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility."  *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant."). Furthermore, the claimant "has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability."  *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

   Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision.  *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).  Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its

8

own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### E. ANALYSIS

Plaintiff asserts that he is entitled to an immediate award of benefits because the ALJ's RFC assessment is not supported by substantial evidence. His overarching argument centers around the ALJ's reliance on the Medical Vocational Guidelines ("the grids"). Specifically, he argues that 1) the ALJ erred in his consideration of Plaintiff's mental impairments by failing to obtain the opinion of a designated medical expert pursuant to S.S.R. 96-6p and 2) and erred in his consideration of Plaintiff's shoulder impairments. Both arguments, however, reflect the fact that Plaintiff's exertional and non-exertional limitations did not identically coincide with a limitation to sedentary work, making the ALJ's reliance on the grids (as opposed to the testimony of a VE) improper.

The Commissioner concedes that the ALJ's opinion was not supported by substantial evidence, and seeks a remand to the Appeals Council under Sentence Four of § 405(g), with instructions that the ALJ reassess Plaintiff's RFC, reevaluate the medical opinion evidence, and obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's ability to perform work. Accordingly, the only consideration before the Court is

whether the case should be remanded to the ALJ for further consideration or Plaintiff should be given an immediate award of benefits.

### 1. Remand Under Sentence Four of § 405(g)

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.,* 17 F.3d 171, 174 (6th Cir.1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue,* 10–207, 2011 WL 2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher,* 17 F.3d at 174); *see also White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 790 (6th Cir. 2009) ("If a court determines that substantial evidence does not support the [Commissioner's] decision, the court can reverse the decision and immediately award benefits only if <u>all factual issues have been resolved</u> and the record adequately establishes a

plaintiff's entitlement to benefits." (internal quotations omitted) (emphasis added)). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176.

Applying the foregoing authority, I can only recommend an immediate award of benefits pursuant to Sentence Four if all of the factual issues have been resolved and the record establishes Plaintiff's entitlement to benefits. Accordingly, I will briefly address Plaintiff's argument related to the ALJ's use of the grids.

### 2. The ALJ's Reliance on the Grids Was Not Supported By Substantial Evidence

When, as here, an ALJ concludes that a claimant does not have the RFC to perform his or her past relevant work at Step 4, the burden shifts to the Commissioner at Step 5 to show that Plaintiff "possesses the capacity to perform other substantial gainful activity that exists in the national economy." *Varley v. Sec'y of Health & Hum. Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This requires the Commissioner to "make a finding supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (internal citations omitted).

The Commissioner can accomplish this by employing the grids, found at 20 C.F.R. Pt. 404, Subpt. P, App. 2. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). However, "if the characteristics of the claimant do not

11

identically match the description in the grid, the grid is only used as a guide to the disability determination." *Kirk v. Sec'y of Health & Hum. Servs.*, 667 F.2d 524, 528 (6th Cir. 1981). Furthermore, the grids take into account only exertional limitations, which are defined as when the limitations "imposed by [the claimant's] impairment(s) and related symptoms, such as pain, affect only [the claimant's] ability to meet the strength demands of jobs." 20 C.F.R. § 404.1569a(b). Where a claimant suffers from a nonexertional "impairment that significantly diminishes his [or her] capacity to work, but does not manifest itself as a limitation on strength . . . rote application of the grid is inappropriate." *Abbott v. Sullivan*, 905 F.2d 918, 926 (6th Cir. 1990). Assistance of a VE is "advisable . . . where an individual's exertional RFC does not coincide with the full range of sedentary work." Soc. Sec. Rul. 83-12, 1983 WL 31253, at *3.

    Both parties agree that the ALJ committed reversible error in this case because his conclusion at Step 5 was not supported by substantial evidence. Specifically, the ALJ erred by deciding that Plaintiff's RFC was limited to a full range of *sedentary* work. He then based his Step 5 conclusion that Plaintiff was not disabled on § 201.28 of the grids. However, in making this decision the ALJ did not properly consider the medical opinion evidence as to Plaintiff's shoulder problems and mental impairments. Because Plaintiff's exertional (and potentially non-exertional) limitations do not exactly fit the description of sedentary work,

12

rote application of the grids could not serve as substantial evidence in this case. In addition, the ALJ could not support his conclusion with VE testimony because the only questions posed to the VE involved work at the *light* exertional category.

In his reply, Plaintiff asserts that this case is "the rare instance" in which an award of benefits is appropriate. (DE 19 at 4.) He contends that a remand for further consideration would be improper because this matter has already been set for six hearings. In addition, he reasserts his argument that the ALJ improperly relied on the grids to conclude that work existed in significant numbers in the national economy that Plaintiff could still perform.

While I agree with Plaintiff that this case has been administratively burdensome at the hearing stage, he provides no case law indicating that the Court can consider the number of hearings held when determining how to proceed under Sentence Four. Nor could the Court find case law supporting such a consideration in its own independent research. The number of hearings held, therefore, is not the test the Court must analyze in order to impose an award of benefits. Instead, Plaintiff needs to show that all of the factual issues have been resolved such that he is entitled to an immediate award of benefits. He has not made such a showing. Specifically, although the ALJ's reliance on the grids was improper, Plaintiff does not demonstrate that the proof of disability is overwhelming. Nor does he demonstrate that the proof of disability is strong and evidence to the contrary is

lacking. In fact, Plaintiff's statement that "there is no evidence with respect to other jobs in sedentary work," seems to cut against his argument that the factual issues have been resolved. *See Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994) ("[W]hen an ALJ's factual findings are not supported by substantial evidence, the appropriate remedy is not to award benefits. The case can be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration." (internal quotations omitted)); *Calhoun v. Comm'r of Soc. Sec.*, 338 F. Supp. 2d 765, 775 (E.D. Mich. 2004) (concluding that remanding for further consideration by the ALJ was appropriate where it was not known whether the claimant was capable of performing a significant number of jobs in the national economy).

Instead, I recommend that the Court grant Defendant's motion for remand pursuant to sentence four of 42 U.S.C. § 405(g). (DE 18.) In accordance with the motion, this matter should be remanded to the ALJ with instructions to: 1) reassess Plaintiff's RFC, including a re-evaluation of the medical opinion evidence, and if proper, obtain the opinion of a designated medical expert pursuant to S.S.R. 96-6p; 2) obtain supplemental evidence from a VE to clarify the effect of Plaintiff's RFC on his ability to perform other substantial gainful activity that exists in the national economy; and 3) clearly decide and articulate Plaintiff's exertional level in his RFC, and, if Plaintiff is no longer capable of performing his past relevant work,

ensure that any Step 5 finding is supported by substantial evidence and is consistent with his RFC.

### G. CONCLUSION

Plaintiff's frustration about this case is palpable and it is understandable that he seeks an immediate award of benefits as a result. He has been through a number of fruitless hearings, including one held for the sole purpose of obtaining VE testimony. Via interrogatory and at the July 12, 2012 hearing, the ALJ limited his hypothetical questions to the VE to jobs in the national economy available at the light exertional level. Following the hearing, the ALJ determined on his own that Plaintiff was limited to work at a sedentary exertional level, rendering the VE testimony useless. The administrative process was therefore needlessly burdensome for a "severely impaired" individual (R. at 24) who complied with all of the ALJ's requests, attended multiple hearings, and awaited a disability determination. However, the Court cannot remand for an immediate award of benefits unless all of the factual issues have been resolved. Despite the number of hearings already held, significant factual issues remain unresolved in this case.

Due to the errors outlined above, Plaintiff is entitled to an order remanding this case to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. § 405(g). Plaintiff is not, however, entitled to an immediate award of benefits. Accordingly, the Undersigned **RECOMMENDS** that the Court **GRANT**

Defendant's motion to remand (DE 18), **GRANT IN PART AND DENY IN PART** Plaintiff's motion for summary judgment (DE 14), **REVERSE** the Commissioner of Social Security's non-disability finding, and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

16

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: July 27, 2015        s/Anthony P. Patti
                            Anthony P. Patti
                            UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on July 27, 2015, electronically and/or by U.S. Mail.

                            s/Michael Williams
                            Case Manager to the
                            Honorable Anthony P. Patti