UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS GEORGE RATHFON,

       Plaintiff,

                                    Civil Case No. 14-11617

v.                                   Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

## OPINION AND ORDER

Plaintiff applied for disability and disability insurance benefits and supplemental security income under the Social Security Act on June 25, 2010, alleging that he became disabled on June 10, 2010. The Social Security Administration denied Plaintiff's application for benefits initially. Upon Plaintiff's request, Administrative Law Judge James N. Gramenos ("ALJ") conducted a de novo hearing over the course of several proceedings between July 8, 2011 and July 12, 2012. The ALJ issued a decision on August 14, 2012, finding Plaintiff not disabled within the meaning of the Social Security Act and therefore not entitled to benefits. The ALJ's decision became the final decision of the Social Security Commissioner ("Commissioner") when the Social Security Appeals Council denied review. Plaintiff thereafter initiated the pending action.

Thereafter, Plaintiff filed a motion for summary judgment and the Commissioner filed a motion to remand.  (ECF Nos. 15, 18.)  Both motions were referred to Magistrate Judge Anthony P. Patti.  (ECF Nos. 4, 20.)  On July 27, 2015, Magistrate Judge Patti issued a Report and Recommendation (R&R) in which he recommends that this Court grant the Commissioner's motion to remand, grant in part and deny in part Plaintiff's motion for summary judgment, reverse the Commissioner's decision, and remand the matter to the Commissioner for further proceedings under Sentence Four of 42 U.S.C. § 405(g).  (ECF No. 21.)  At the conclusion of the R&R, Magistrate Judge Patti advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them.  (*Id*. at 16-17.)  Plaintiff filed objections to the R&R on August 10, 2015.  (ECF No. 22.)  The Commissioner filed a response to the objections on August 13, 2015.  (ECF No. 23.)

## **Standard of Review**

Under 42 U.S.C. § 405(g):

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.  The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . .

2

42 U.S.C. § 405(g) (emphasis added); *see also Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion. *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Kechler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

The court reviews de novo the parts of an R&R to which a party objects. *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). However, the Court "is not required to articulate all the reasons it rejects a party's objections." *Id.*

## **The ALJ's Decision and the R&R**

An ALJ considering a disability claim is required to follow a five-step sequential process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). The five-step process is as follows:

1.    At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).

2.    At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).

3.    At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors. *Id.*

4.    At the fourth step, the ALJ assesses the claimant's residual functional capacity ("RFC") and past relevant work to determine whether the claimant can perform his or her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv).

5.    At the fifth step, the ALJ considers the claimant's RFC, age, education, and past work experience to see if he can do other work. 20 C.F.R. § 404.1420(a)(4)(v). If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled. *Id.*

If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ makes his or her decision and does not proceed further. *Id.* However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id.* "The burden of proof is on the claimant through

4

the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At the first step, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since June 10, 2010.  (ECF No. 12-2 at Pg ID 59.)  The ALJ found at step two that Plaintiff has the following severe impairments: (1) L4/L5, L5/S1, moderate disc bulge with moderate facet arthropathy producing mild central stenosis and moderate foraminal stenosis; and (2) right shoulder impingement.  (*Id*.)  In reaching this decision, the ALJ acknowledged that Plaintiff has suffered from depression and long-term substance abuse; however, the ALJ found that these disorders cause no more than minimal limitation on Plaintiff's ability to perform basic work activities and are not severe impairments.  (*Id*. at Pg ID 59-60.) The ALJ next analyzed whether Plaintiff's impairments met any of the listed impairments and determined that they did not.  (*Id*. at Pg ID 60-61.)

At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform unskilled sedentary work as defined in 20 C.F.R. § 404.1567(a).  (*Id*. at Pg ID 61-68.)  The ALJ then concluded that Plaintiff could not perform his past work as a drywall installer or waiter.  (*Id*. at Pg ID 69.)  At the final step, the ALJ concluded that a significant number of jobs exist in the national

economy that Plaintiff could perform given his age, education, work-experience,

and RFC.  (Id. at Pg ID 69-73.)  The ALJ did not identify any specific job because

he had asked the vocational expert earlier to assume Plaintiff could perform a

limited range of light work but then ultimately found him capable of only

sedentary work.  (*Id*. at Pg ID 73.)  The ALJ therefore applied the Medical-

Vocational Rules ("the grids") to find Plaintiff not disabled as defined by the

Social Security Act.  (*Id*.)

In this action, Plaintiff argues and the Commissioner concedes that the

ALJ's decision is not supported by substantial evidence.  Specifically, as described

by Magistrate Judge Patti:

> [T]he ALJ erred by deciding that Plaintiff's RFC was limited to a full
> range of *sedentary* work.  He then based his Step 5 conclusion that
> Plaintiff was not disabled on § 201.28 of the grids.  However, in
> making this decision the ALJ did not properly consider the medical
> opinion evidence as to Plaintiff's shoulder problems and mental
> impairments.  Because Plaintiff's exertional (and potentially non-
> exertional) limitations do not exactly fit the description of sedentary
> work, rote application of the grids could not serve as substantial
> evidence in this case.  In addition, the ALJ could not support his
> conclusion with VE testimony because the only questions posed to the
> VE involved work at the *light* exertional category.

(ECF No. 21 at Pg ID 822-23, emphasis in original.)  The issue in dispute is

whether the ALJ's reversible error requires a remand for further consideration or a

remand for an award of benefits to Plaintiff.  In his R&R, Magistrate Judge Patti

concludes that the appropriate course of action is to remand for further

proceedings.  (*Id*. at Pg ID 823-24.)  Magistrate Judge Patti reasons that all of the factual issues relevant to a determination of Plaintiff's disability have not been resolved.  (*Id*.)

### Plaintiff's Objections

In his objections, Plaintiff disagrees that a remand for further evaluation is necessary.  (ECF No. 22.)  Plaintiff argues-- as he did in his summary judgment motion and in response to the Commissioner's motion to remand (*see* ECF No. 15 at Pg ID 786; ECF No. 19)-- that the Court should remand simply for an award of benefits to Plaintiff.  Plaintiff contends that the Commissioner had the burden at step five to prove that work exists in significant numbers in the national economy that Plaintiff still could perform and that the lack of such evidence results in Plaintiff prevailing on his claim for benefits.  The Commissioner argues in response that, under Sixth Circuit precedent, the ALJ's failure to obtain vocational evidence at step five did not foreclose the Commissioner's ability to correct the error on remand.  (ECF No. 23.)

This Court agrees with Magistrate Judge Patti that a remand for reconsideration, rather than an immediate award of benefits, is the proper course of action in this case.  In *Faucher v. Secretary of Health & Human Services*, 17 F.3d 171 (6th Cir. 1994), the Sixth Circuit considered "what a district court should do once a determination is made that an ALJ erroneously applied the regulations and

the Secretary's denial of benefits therefore must be reversed." *Id*. at 173. There, the ALJ posed an incomplete hypothetical question to a vocational expert and relied on the answer at step five to find significant jobs in the national economy that the plaintiff could perform. *Id.* at 175-76. The court advised that "[i]f a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits *only if* all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Id*. at 176 (emphasis added).

In *Faucher*, as in the present case, the error occurred at step five resulting in a lack of substantial evidence to support the ALJ's determination of non-disability. In the present case, as in *Faucher*, all factual issues relevant to a disability determination have not been resolved. Specifically, the effect of Plaintiff's shoulder problems and mental impairments on his RFC have not been adequately considered and additional evidence must be adduced to assess the effect of Plaintiff's RFC on his ability to perform other substantial gainful activity that exists in the national economy.

## <u>Conclusion</u>

For these reasons, the Court rejects Plaintiff's objection to the R&R and adopts Magistrate Judge Patti's recommendations.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 15) is **GRANTED IN PART AND DENIED IN PART**;

**IT IS FURTHER ORDERED**, that the Commissioner's Motion to Remand (ECF No. 18) is **GRANTED**;

**IT IS FURTHER ORDERED**, that the Commissioner's decision denying Plaintiff's social security benefits is **REVERSED** and this matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the R&R.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 21, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 21, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager